IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sammy Lee Pendleton, | : | Civil Case No. 2:08-cv-01200 |
| Petitioner | : | Criminal No. 2:07-cr-00181 |
| v. | : | Judge Graham |
| United States of America, | : | Magistrate Judge Abel |
| Respondent | : | |

# Order

Petitioner Sammy Lee Pendleton, a federal prisoner, brought this action, which he styles a petition for writ of habeas corpus, alleging that the United States is holding him in custody in violation of the Constitution and laws of the United States. This matter is before the Court on petitioner Pendleton's March 13, 2009 objections (doc. 38) to Magistrate Judge Abel's March 5, 2009 Report and Recommendation that the complaint be dismissed because it does not present any claim cognizable in habeas corpus (doc. 37).

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court OVERRULES petitioner Pendleton's objections and ADOPTS the Report and Recommendation. As explained by the Magistrate Judge, it is premature to present these claims in habeas corpus. They must first be raised in the criminal case.

Petitioner Samuel Lee Pendleton stands charged with two counts of bank robbery. The Court has determined that Sammy Lee Pendleton is incompetent to stand

trial. He was committed to the custody of the Attorney General of the United States for treatment. July 24, 2008 Order (doc. 27). On February 11, 2009, the Court entered an order that stated that a board forensic psychologist had determined that despite treatment Pendleton had not been restored to competency and that it was unlikely that he will be in the foreseeable future. The Court has ordered a psychological evaluation to determine whether Pendleton is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another so as to warrant the filing of a certificate under 18 U.S.C. §4246(a).

As the Magistrate Judge explained, petitioner has yet to go to trial on the charges against him. All four claims pleaded in his habeas corpus petition must be presented to the trial court in the criminal case. If he is denied relief by the trial judge and subsequently convicted, Pendleton must then present the claims to the United States Court of Appeals for the Sixth Circuit. A habeas corpus petition under 28 U.S.C. § 2241 is not an available remedy for the claims petitioner pleads.

The petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

                                          S/ James L. Graham

                                          James L. Graham
Date: Mar. 25, 2009                        United States District Judge